UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FIRST MERCURY INSURANCE CO., : | |
| : | |
| Plaintiff, : | **OPINION** |
| : | |
| v. : | Civ. No. 2:12-cv-06527 (WHW) |
| : | |
| JAY S. MARKOWITZ, ESQ., JIMMY : | |
| MASARWA, TWO JAYS REAL ESTATE, : | |
| INC., MOHAMMED ABBASI, NORA : | |
| ABASSI, and ABBASI REALTY, INC., : | |
| : | |
| Defendants. | |

**Walls, Senior District Judge**

Plaintiff First Mercury Insurance Company moves for dismissal of Defendants Jimmy Masarwa and Two Jays Real Estate's counterclaims under Federal Rules of Civil Procedure 12(b)(6). Under Federal Rule of Civil Procedure 78, this motion is denied without oral argument.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff First Mercury Insurance Company ("First Mercury") provides professional insurance to lawyers. First Mercury issued Professional Liability Policy No. FMLP003127 ("the policy") to the Law Offices of Jay S. Markowitz ("Markowitz") for the period of April 20, 2010 to April 20, 2011. Mot. to Dismiss, Ex. D. The policy contained a $5,000 deductible, a $250,000 limit per claim, and $500,000 limit in the aggregate. *Id.*

1

On January 13, 2012, Jimmy Masarwa ("Masarwa"), President and sole shareholder of Two Jays Real Estate ("Two Jays"), a New Jersey company, filed a Second Amended Complaint in the Superior Court of New Jersey on behalf of himself and Two Jays, against Sufian Abbasi, Northeast Investment Concepts, LLC, Gershon Adjaye, Mohammed Abbasi, Nora Abbasi, Abbasi Realty, Inc., Keller Williams Realty, Keller Williams Holdings, LLC, Raffi T. Khorozian, Esq, and, finally, Jay Markowitz, Esq. Superior Court of New Jersey, Law Division, Essex County, Docket No. ESX-L-312-11; Am. Answer ¶ 4. This underlying action alleges Masarwa was induced to enter into a fraudulent real estate scheme concerning properties in Newark, New Jersey. He maintains his investment in the real estate transaction was lost due to the monies not properly being held in escrow and wrongfully converted by Defendants. *Id.* The Amended Complaint alleges at least $240,000 was improperly converted. Am. Answer ¶ 18. Masarwa seeks recovery of his monies and other damages. *Id.* Masawra also seeks recovery from Markowitz for malpractice in relation to his legal representation of Two Jays and Masawra in the real estate transaction. *Id.* ¶ 110.

First Mercury initially provided legal representation to Markowitz in the underlying action. Am. Answer ¶ 10. On October 16, 2012, First Mercury withdrew its representation and advised Markowitz that First Mercury had no further responsibility for counsel fees and costs incurred on behalf of Markowitz in his defense. *Id.* ¶ 11. Markowitz assumed his own defense. *Id.* ¶ 12.

On December 12, 2012, Markowitz advised the attorneys for First Mercury that he did not accept that First Mercury had a right to deny coverage. *Id.* ¶ 20. He further advised First Mercury that if they did not resume his defense, it was his intention to negotiate and enter into a

consent judgment with Masawra without further notice to First Mercury, and would provide Masawra with assignment of his rights, claims, and causes of action against First Mercury. *Id.*

On December 31, 2012, Markowitz assigned Masarwa all claims, rights, and causes of action which he has or may have against First Mercury arising under and out of the policy. *Id.* ¶ 24. On January 11, 2012 [sic], Masawra informed Markowitz that he would accept the sum of $240,000 in full and final satisfaction of all his claims against Markowitz. *Id.* ¶ 25; Ex. B. The letter advised Markowitz that Masawra believed defendants Nora and Mohammad Abassi, and Abassi Realty, Inc., would dismiss their third party Complaint against Markowitz in the underlying action in the event Masawra terminated litigation against them. *Id.* Ex. B.

On January 18, 2013, Markowitz, Masawara, and Two Jays entered into a consent judgment in the underlying action. Opp. Mot. to Dismiss, Ex. A: Decl. of J. Barry Cocoziello. It ordered "that final judgment is hereby entered in favor of the plaintiffs, Jimmy Masarwa and Two Jays Real Estate, Inc., against the defendant, Jay S. Markowitz, Esq." in the amount of $310,000, consisting of $240,000 in compensatory damages and $70,000 in attorneys fees. *Id.* It also required "Jay S. Markowitz, Esq. shall pay to the plaintiffs the sum of . . . $5,000 . . . in partial satisfaction of this judgment within thirty (30) days of the date hereof." *Id.* Markowitz "grant[ed], assign[ed] and transfer[ed]" to Masarwa and Two Jays "all rights, claims, and causes of action, including but not limited to those for indemnification, breach of contract, bad faith, wrongful failure to settle within the Limits of Liability and the award of attorneys fees and costs, which he has or may have hereafter against First Mercury." *Id.* It further detailed "[i]f the defendant complies with the terms of the judgment, the plaintiffs shall not seek to satisfy the unpaid balance of this judgment from defendant's personal or business income and assets, but

rather shall limit satisfaction and collection of this judgment to any monies they recover from First Mercury." *Id.*

Plaintiff First Mercury filed a Complaint with this Court against Jay S. Markowitz, Jimmy Masawra, Two Jays Real Estate, Inc, Sufian Abbasi, Northeast Investment Concepts, LLC, Gershon Adijaye, Mohammed Abbasi, Nora Abbasi, Abbasi Realty, Inc., Keller Wiliams Realty, Keller Williams Holding, LLC, and Rafii T. Khorozian, Esq. seeking a declaration from this Court that it has no obligation to provide coverage to Jay S. Markowitz, Esq. ECF No. 1. (First Mercury has since stipulated dismissal of defendant Raffi T. Khorozian. ECF No. 29).

Masawra and Two Jays filed an Amended Answer and allege two counterclaims against First Mercury. ECF No. 17. First, they allege First Mercury breached Markowitz's policy by denying coverage for the underlying action. Am. Answer, ¶ 13. They seek a declaration from this Court that the policy provides defense and indemnity coverage to Markowitz. *Id.* ¶ 18. Second, they seek recovery from First Mercury for the payment of the consent judgment entered into by Markowtiz, Masawra, and Two Jays for the amount of $310,000. *Id.* ¶ 30. In response, First Mercury filed the present motion to dismiss the counterclaims. ECF No. 19.

## STANDARD OF REVIEW

In deciding a motion to dismiss a counterclaim, courts use the same standard as a motion to dismiss. Fed. R. Civ. P. 12(b)(6). On a motion to dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) the court is required to "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Broadcom Corp. v. Qualcomm Inc.*, 501 F.3d 297, 306 (3d Cir. 2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a

claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009) (internal quotation marks and citations omitted). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. "Rule 12 standards are not altered where a movant seeks dismissal of a counterclaim—all allegations of the counterclaim also are accepted as true and are accorded the benefit of all reasonable inferences." *Syncscort Inc. v. Sequential Software, Inc.*, 50 F. Supp. 2d 318, 322 n.3 (1999) (citing *Walker Process Equip. Inc. v. Food Machinery & Chem. Corp.*, 382 U.S. 172, 174-75 (1965)).

"[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 546 (2007) (citations omitted). In the case of counterclaims, "[t]o the extent possible . . . the facts are derived from the Answer and Counterclaims." *Syncscort Inc.*, 50 F. Supp. at 322 n.3. Thus, "a district court weighing a motion to dismiss asks 'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Twombly*, 550 U.S. at 563 n.8 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

## DISCUSSION

### I. Choice of Law

First Mercury argues Masawra and Two Jays' counterclaims fail as a matter of law because under New York law consent judgments that release the insured of liability likewise release the insurer of liability. Mot. to Dismiss, 7-9. First Mercury urges this Court apply New York law because the insurance policy was entered into in New York, and Markowitz's office is located in New York. *Id.* 5-7.

Masawra and Two Jays allege there is no conflict of law between New Jersey and New York because, they claim, the consent judgment does not release Markowitz of liability. Rather,

Defendants argue there is no conflict because both states allow for consent judgments that enter judgment against an insured and assign the insured's rights of indemnification against an insurer to a third party. Opp.8-10. Such an assignment of rights is not considered a release of liability. Masawara and Two Jays are correct.

New Jersey is the "forum state" for the instant litigation, and the Court "must apply the law of the forum state, including its choice of law rules." *Barbey v. Unisys Corp.*, 256 Appx. 532, 533 (3d Cir. 2007) (internal citations omitted). Under New Jersey law, a Court must first determine whether a conflict in law exists since "[w]ere the law the same in both jurisdictions, [the court] would not, of course, be confronted with a choice-of-law problem." *Gilbert Spruance Co. v. Pennsylvania Mfrs. Ass'n Ins. Co.*, 134 N.J. 96, 103 (N.J. 1993).

First Mercury argues New York law differs from New Jersey law because under New York law "a release discharging an insured from all liability relieves the insurer from the duty of indemnification because it effectively eliminates any factual or legal grounds on which the duty to indemnify may be based." *McDonough et. al v. Dryden Mutual Insurance Co.*, 713 N.Y.S. 2d 787, 788 (N.Y. Sup. Ct. Oct. 5, 2000). Under New York law, the main issue for resolution is "whether any duty of indemnification is owed by defendant to plaintiffs [in the underlying action]." *Id.*

But New York law recognizes a distinction between consent judgments that release the insured from all liability and consent judgments that assign the rights of the insured against an insurer to a third party. *See Home Depot U.S.A. Inc. v. National Fire and Marine Insurance Company*, 866 N.Y.S. 2d 255, 257-58 (N.Y. App. Div. October 14, 2008) ("a release discharging an insured from all liability relieves the insurer from the duty of indemnification" but "the assignment agreement did not constitute a release of [the insured's] liability in the underlying

action."); *see also Westchester Fire Insurance Company v. Utica First Insurance Company*, 839 N.Y.S. 2d 91, 94 (N.Y. App. Div. May 22, 2007) (upholding an assignment agreement and concluding "[i]t is of no moment that [plaintiff] agreed never to execute against [the insured] for this settlement amount. This narrow restraint was not tantamount to a release of [the insured's] liability in the underlying personal injury action.")

Here, the consent judgment did not release Markowitz from all liability. Rather, it was a "final judgment . . . entered . . . against the defendant, Jay S. Markowitz, Esq." Opp. Mot. to Dismiss, Ex. A: Decl. of J. Barry Cocoziello. The judgment "assign[ed]" Masawara and Two Jays Markowitz's all rights, claims, and causes of action against First Mercury. *Id.* This type of assignment agreement is recognized by New York law.[1]

Like New York, New Jersey law allows for consent judgments that assign an insured's interests to a third party. In *Griggs v. Betram*, the New Jersey Supreme Court considered a case like the present one where the parties entered into a consent judgment and "[Plaintiff] agreed not to enforce this judgment against [the insured], who assigned to [plaintiff] his interest in the third party action." 88 N.J. 347, 354 (N.J. 1982). There, the Supreme Court upheld the settlement and outlined its rule that, "[w]here an insured wrongfully refused coverage and a defense to its insured . . . the insurer is liable for the amount of the judgment obtained against the insured or of the settlement made by him [if the] . . . . settlement [is] reasonable and that the payment [is] made in good faith." *Id.* at 60 (quoting *Fireman's Fund Ins. Co. v. Security Ins. Co. of Hartford*,

---

[1] First Mercury also briefly argues that under New York law. the $5,000 to be paid by Markowitz constitutes the entire judgment that Markowitz is legally obligated to pay and therefore there is no outstanding judgment for First Mercury to pay. Mot to Dismiss, 7. But the consent judgment reads that Markowitz's contribution is only in "*partial satisfaction* of the judgment." Opp. Mot. to Dismiss, Ex. A: Decl. of J. Barry Cocoziello (emphasis added). While Markowitz only pays a portion, his liability remains the rest of the outstanding judgment entered against him.

72 N.J. 63, 73 (N.J. 1976)); *See also Burlington Ins. Co v. Northland Ins. Co.*, 766 F. Supp. 2d 515 (D.N.J. 2011); *Excelsior Ins. Co. v. Penssbury Pain Center*, 975 F. Supp. 342 (D.N.J. 1996); *Jefferson Ins. Co. v. Health Care Ins. Exchange*, 247 N.J. Super. 241 (App. Div. 1991).

Both New Jersey and New York law allow for consent judgments that assign an insured's interests against an insurer to a third party. There is no conflict of laws, and this Court will apply New Jersey law.

## II. Consent Judgment Under New Jersey Law

Under New Jersey law, consent judgments assigning the insured's interests against an insurer are enforceable if the insurer wrongfully denies coverage and the settlement is reasonable and entered in good faith. *Griggs*, 88 N.J. at 360. First Mercury argues the consent was unreasonable because there was no negotiation as to amount and because there are no provisions in the consent judgment that allow for recovery against the other nine defendants in the underlying matter. Mot. to Dismiss, 6. First Mercury additionally argues the consent judgment was not entered in good faith because Masawra and Markowitz colluded to defraud First Mercury. *Id.*, 7.

The consent judgment entered into by Masawra, Two Jays, and Markowitz is prima facie valid. Defendants allege First Mercury wrongfully denied Markowitz coverage under his insurance plan. Am. Answer ¶ 12. The underlying action involves a dispute over $240,000. At this time, a $310,000 judgment composed of settlement amount and attorneys fees is plausibly reasonable, even if the parties did not extensively negotiate the terms. Under the malpractice suit Markowitz could be liable for the entirety of the damages, so it is of no consequence that there are nine other defendants.

**NOT FOR PUBLICATION**

Finally, First Mercury has provided no facts to support its allegation of fraud. Masawra and Two Jays have stated that the consent judgment was entered in good faith by Markowitz because he was induced to settle. They argue Markowitz "was faced with the likely probability of having to pay a judgment greatly in excess of his liability insurance coverage" because First Mercury had abandoned their defense of him. Am. Answer ¶¶ 28-29. At this motion to dismiss stage, First Mercury has failed to prove the consent judgment is unenforceable as a matter of law.

## CONCLUSION

Plaintiff's motion to dismiss Defendants' counterclaims is DENIED.

August 14, 2013

<u>s/ William H. Walls</u>
United States Senior District Judge